Joaquin Andres Acosta
c/o PO Box 2889
Big Bear, California
       Postal Zone 92315

In Pro Se



FILED

OCT 19 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN BERNARDINO, a political subdivision of the State of California: and the PEOPLE OF THE STATE OF CALIFORNIA<br><br>             Cross Plaintiffs,<br><br>   vs.<br><br><br>Joaquin Andres Acosta,<br><br>           Cross-Defendant | BK Case No# 6:14-bk-12539-MJ<br><br>**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

TO Judge MERIDETH JURY:

## OFFER TO PAY TOTAL AMOUNT OF JUDGMENT DUE

    FOR THE RECORD, I, Joaquin Andres Acosta, a living, breathing, inhabitant on the land, Authorized Representative of JOAQUIN ANDRES ACOSTA (Legal distinction being made on and for the Record) hereby declares that it is now, and has always been, my lawful intent to comply with all constitutionally valid laws, statutes,



**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

statutes at large, revised statutes, ordinances, codes, titles, manuals, resolutions, rules, regulations and with all Constitutionally valid, Court of Record, Judgments, Orders, Rulings, and Decrees that relate to me and my activities. I also sincerely believe that all governmental officers, agents, and employees should be held to such high standard through enforcement of their constitutionally mandated OATH OF OFFICE.

I, Joaquin Andres Acosta, have recently discovered a *major problem* that is related to, and binding on the UNITED STATES BANKRUPTCY COURT that needs to be squarely faced and addressed with a good-faith and timely clarification to this document entitled: FIRST AMENDED **VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**.

As you know, or reasonably should know, your own OATH OF OFFICE clearly mandates that the 1787 A.D. Constitution for the United States of America, and its SUPREMACY CLAUSE, found at Article VI, paragraph 2 (see below), mandates that your California Constitution and laws "passed," or "adopted," pursuant thereof are trumped by and subservient to such 1787 A.D. Constitution for the United States of America and all of its constitutionally valid laws.

The superior Federal Law, Title 12, Section 411, states: "Federal Reserve Notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System *for the purpose of making advances to Federal reserve banks* through the Federal reserve agents as hereinafter set forth *and for no other purpose*, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money [i.e. American DOLLARS of Silver] on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank." Nowhere have I found any statutory construct that authorized Federal Reserve Notes to be "issued" and/or used to or by the general population. (The lack of said statutory construct would

2

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

seem to imply that any such Federal Reserve Notes held or in the possession of the general population could be considered contraband.) Perhaps my research overlooked the statutory construct that authorized said possession/use, if so, then I ask that you provide me with the statute.

The US Supreme Court said, in *HAGAR v. RECLAMATION DIST. NO. 108*, 111 U.S. 701 (1884), "....The acts of congress making the notes of the United States a legal tender do not apply to involuntary contributions exacted by a state, but only to debts, in the strict sense of that term; that is, to obligations for the payment of money founded on contracts, express or implied. This point was decided in *Lane Co. v. Oregon*, 7 Wall. 71, with reference to the first legal-tender act of 1862. "

My question to you then is simple: Under the provisions of what contract are you trying to exact the subject Court Judgments from me?

THEREFORE; I, Joaquin Andres Acosta, seem to be CONSTRAINED BY AMERICAN LAW AND JURISPRUDENCE from "paying," any Court Judgment, for lack of availability of "lawful money of the United States," [i.e. American DOLLARS of Silver].

Since Federal Reserve Notes, credit cards, bank checks, or money orders and the selling of my private land and chattels are payable only in Federal Reserve Notes (evidences of the National Debt), and the selling of my equipment and private land are not within the definition of those things allowed by well-settled American Law and Jurisprudence to be "required" by the state governments or their Legislative Branches, Executive Branches OR JUDICIAL BRANCHES. Any threat to place a lien on my private land and chattels, or to sell my private land and chattels for "Failure to Pay" those things, will be deemed to be an attempt to solicit an honorarium in violation of well-settled American Law and Jurisprudence and a violation or breach of your own personal OATH OF OFFICE that you were required to take upon entering public office to serve the Sovereign People (NOT Sovereign Citizens) of the California Republic.

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

This is neither contempt nor default but merely a declaration that until Congress returns America to a Constitutional monetary system, it is virtually impossible for Joaquin Andres Acosta to "pay" (key word) such Judgment(s), and therefore IMPOSSIBILIUM NULLA OBLIGATIO EST, that is; **"There is no obligation to do impossible things."**

It is hereby noted that Joaquin Andres Acosta is, at this time, making this his good-faith OFFER TO PAY, in the nature of a UNIFORM COMMERCIAL CODE PRESENTMENT, relating to any and all constitutionally valid Judgments, interest, penalties, and other charges that may be due and payable at this time, _subject to_ the Judge MERIDETH JURY personally facing and addressing the above-mentioned major material problems just Discovered.

Joaquin Andres Acosta has been informed, and believes, and upon that information and belief herein Declares that he has been made aware of the constitutional binding SUPREMACY CLAUSE of the original 1787 A.D. Constitution for the United States of America, found at Article VI, paragraph 2, to wit:

"[1] **This** [federal] **constitution, and** [2] **the** [constitutionally valid] **laws of the United States which shall be made in pursuance thereof; and** [3] **all** [constitutionally valid] **treaties made, or which shall be made, under the authority of the United States, shall be** the **supreme law of the land; and the JUDGES** [located] **IN EVERY STATE shall be bound thereby, any thing in the constitution or laws of any state to the contrary** notwithstanding." (Emphasis added).

Joaquin Andres Acosta has also been informed, and believes, and upon that information and belief herein Declares that he has been made aware of the valid, binding, and still-in-effect, original, Federal COINAGE ACT OF APRIL 2, 1792, which appears to be the ONLY Constitutionally valid American law that EVER precisely defined, AND STILL TO THIS DAY Defines, the American Dollar, which appears to be the only _"thing"_ that Judge MERIDETH JURY may constitutionally _require_ (key word) as a tender of any OFFER TO PAY for any Judgment related Amount Due and Payable at any time or place.

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Joaquin Andres Acosta, has also been informed and believes, and upon that information and belief herein Declares that the subject Constitutionally valid law, i.e., the still valid federal COINAGE ACT OF APRIL 2, 1792, at Section 20, clearly declares what the MONEY OF ACCOUNT *shall be* for all court proceedings, to wit:

"***And be it further enacted***, That the **money of account of the United States shall be expressed in dollars** or units, **dismes** or tenths, **cents** or hundreds, and **milles** or thousands, a disme being a tenth part of a dollar, a cent the hundredth part of a dollar, a mille the thousands part of a dollar, and that **all accounts in the public offices AND ALL PRODEEDINGS IN THE COURTS OF THE UNITED STATES** shall be kept and had in conformity to this regulation". (Emphasis added)

Joaquin Andres Acosta must now obtain an *Official Judicial Determination* of the preceding information BEFORE he may be required (key word) to submit the actual PAYMENT related to the above-mentioned OFFER TO PAY the "required" (key word) Total Amount Due.

I, Joaquin Andres Acosta, in good faith, hereby respectfully DEMAND that the following seven (7) good-faith and *material questions* be timely answered, within a reasonable ten (10) days, so that I can honestly determine my obligation, duty, and responsibility associated with the subject Judgment, or, in the alternative, I demand that Judge MERIDETH JURY render the subject Judgment alleged as Due and Payable as fully, totally, and completely DISCHARGED under the State adopted version of the UNIFORM COMMERCIAL CODE (UCC), as well as general, well-settled American Law and Jurisprudence.

## SEVEN (7) GOOD-FAITH and MATERIAL QUESTIONS:

## MATERIAL QUESTION No. 1.

What constitutionally valid American Law provides officers, agents, or employees of the UNITED STATES BANKRUPTCY COURT with any constitutionally valid authority to render a Court Judgment for *anything other than* the MONEY OF ACCOUNT OF THE UNITED STATES aka the American Dollar of Silver?

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

## MATERIAL QUESTION No. 2.

What constitutionally valid American Law, has changed or made void, the above-cited constitutionally valid Federal *COINAGE ACT OF APRIL 2, 1792,* regarding the original MONEY OF ACCOUNT OF THE UNITED STATES as it relates to the UNITED STATES BANKRUPTCY COURT?

## MATERIAL QUESTION No. 3.

What was the Date of Enactment of the more recent law *that changed* or made void the above-cited constitutionally valid Federal *COINAGE ACT OF APRIL 2, 1792* regarding the original MONEY OF ACCOUNT OF THE UNITED STATES as it relates to the UNITED STATES BANKRUPTCY COURT?

## MATERIAL QUESTION No. 4.

What was the Publishing Date of the more recent law that changed or made void the above-cited constitutionally valid Federal *COINAGE ACT OF APRIL 2, 1792* regarding the original MONEY OF ACCOUNT OF THE UNITED STATES as it relates to the UNITED STATES BANKRUPTCY COURT?

## MATERIAL QUESTION No. 5.

What was the Effective Date of the more recent law that you claim changed or made void the above-cited constitutionally valid Federal *COINAGE ACT OF APRIL 2, 1792* regarding the original MONEY OF ACCOUNT OF THE UNITED STATES as it relates to the UNITED STATES BANKRUPTCY COURT?

## MATERIAL QUESTION No. 6.

Identify the Constitutionally valid law that allows a Judge of the UNITED STATES BANKRUPTCY COURT any constitutionally valid authority to place a lien or levy on Joaquin Andres Acosta and his A. J. ACOSTA COMPANY, INC. and thus convert the above-cited MONEY OF ACCOUNT OF THE UNITED STATES into some substance or thing *other than* that of the MONEY OF ACCOUNT OF THE UNITED STATES pursuant to its Federal *COINAGE ACT OF APRIL 2, 1792.*

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**MATERIAL QUESTION No. 7.**

What is the name and address of the governmental location where Joaquin Andres Acosta can Demand and obtain a Certified Copy of the Constitutionally valid actual contract, implied contract, quasi-contract, adhesion contract, or document in the nature of a contract, that Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT considers as "court admissible evidence" that Joaquin Andres Acosta has, at some time in the past, while of a legal age, knowingly, willingly, intentionally, voluntarily, freely, and after been given Full Disclosure of all obligations, duties and responsibilities, applied for and received a governmentally created privilege in the form of a taxable, regulatable and auditable license, pass, permit, or franchise that provides Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT any competent jurisdiction to render *something other than* the MONEY OF ACCOUNT OF THE UNITED STATES, as a payment of the subject Judgment?

I, Joaquin Andres Acosta, hereby respectfully demand that the above requested seven (7) questions be squarely faced with seven (7) good-faith specific answers by Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT and show her Constitutionally delegated authority to claim something other than the MONEY OF ACCOUNT FOR THE UNITED STATES as a "Payment," (key word) of the subject Judgment. Or, in the alternative, consider the alleged Judgment as fully, totally, and completely DISCHARGED as a matter of well-settled UNIFORM COMMERCIAL CODE (UCC) and other American Law and Jurisprudence.

I, Joaquin Andres Acosta, respectfully DEMAND that this good-faith communication, and a copy of its timely response, be permanently placed into any related "government" file for future reference as necessary.

I, Joaquin Andres Acosta, respectfully DEMAND a prompt response to the above presented seven (7) good-faith *material questions* within a reasonable ten (10) days, as time is of the essence.

7

## CONCLUSION

This document is a valid good-faith OFFER TO PAY, with all binding UNIFORM COMMERCIAL CODE (UCC) *time related procedural mandates* for all parties to this document.

Executed by the voluntary act of my own hand on the land in the old original underlying 1853 A. D. San Bernardino County in the old original underlying 1849 A.D. California Republic, and dated this nineteenth day of the tenth month, in the year two thousand and fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of America.

By: Joaquin Andres Acosta
Authorized Representative of
JOAQUIN ANDRES ACOSTA
(Legal distinction being made ON THE RECORD.)
All Rights Reserved
UCC 1-308, Without Prejudice

8

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

# OFFER TO PAY
# MEMORANDUM OF LAW

As can be seen below, it is American Dollars, that are still mandated for all court proceedings, in the federal COINAGE ACT OF APRIL 2, 1792, Section 20, which are NOT "currently" used as "currency" in America, since the federal COINAGE ACT OF 1965 A.D which specifically stated therein that it DID NOT change the definition of a "Dollar."

Joaquin Andres Acosta, thus still needs timely answers in the form of an Appealable DECLARATION OF FACTS AND CONCLUSION OF LAW, to the following additional three very material questions, before he can lawfully make the subject court ordered "payment," to wit:

1. Identify the actual "thing" or "substance" that Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT "requires" (keyword) and can lawfully require, for such "tender" of "Payment", AND

2. Identify the "California Constitutionally valid authority" in which Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT lawfully "require," (keyword) as such above-mentioned "thing" or "substance" to be submitted regarding the actual "tender" of such "Payment".

3. Is the above stated "thing" required by Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT, as stated above the same as required by all other Judgments or Orders of the UNITED STATES BANKRUPTCY COURT?

So there is no misunderstanding, the undersigned clearly desires that the receiver(s) of this document clearly understands that what the undersigned MAY "tender" or what it will accept as a "Payment" is NOT the questions hereinabove presented, but what the laws of the CALIFORNIA lawfully recognizes as its MONEY OF ACCOUNT, for all of Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT, Court proceedings.

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

## MATERIAL STATEMENT OF FACT

There is some valid confusion about what this UNITED STATES BANKRUPTCY COURT, may lawfully "require" regarding the subject issue, since the year 1965. (See discussion below).

## MONEY OF ACCOUNT vs. MEDIUM OF EXCHANGE

There appears to be only two basic legal phrases that relate to the topic of "money" or "units" available and daily used "AS money" in United States of America Law. They are the specific United States [government] MONEY OF ACCOUNT", as clearly specified in the COINAGE ACT OF APRIL 2, 1792, at Section 20, to wit:

"*And be it further enacted*, That the money of account of the United States shall be expressed in dollars or units, dismes or tenths, cents or hundreds, and milles or thousands, a disme being a tenth part of a dollar, a cent the hundredth part of a dollar, a mille the thousands part of a dollar, and that all accounts in the public offices AND ALL PRODEEDINGS IN THE COURTS OF THE UNITED STATES shall be kept and had in conformity to this regulation". (Emphasis added)

vs. the much larger and older subject identified universally as a "MEDIUM OF EXCHANGE".

## HISTORIC PERSPECTIVE

Over the past many years, since America's beginning, it is clear that the American People, in general, have used many "Mediums of Exchange" to conduct their own personal and private trade, exchange, barter, and business. They have used such "things" as eggs, chickens, ducks, lumber, Green Back Dollars, Silver Certificates, US Treasury Notes, United States Notes, Demand Notes, Legal Tender Notes, Interest Bearing Notes, Federal Reserve Notes, Credit Card money, Check Book money, Sea Shells, Beads, Tobacco, Gun Powder, trinkets, and Wampum. Today, an exchange of a Roto-tiller for a Lawnmower makes the Roto-tiller a "Medium of Exchange", but such "thing" and none of the above mentioned MEDIUM'S OF EXCHANGE, have ever

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

been lawfully, or constitutionally considered as the MONEY OF ACCOUNT of the United States [government] or the State of California. Also, none of the above "MEDIUMS OF EXCHANGE" are today, considered a value "at par" with such specifically defined United States [government] "MONEY OF ACCOUNT".

## THE TRUE AND LAWFUL UNITED STATES/AMERICAN DOLLAR

It therefore appears that today's current United States [government] MONEY OF ACCOUNT still specifically identifies the United States [solid silver] Dollar. It also appears that the United States Dollar is only defined and clearly specified in the COINAGE ACT OF APRIL 2, 1792 (supra) and NOWHERE ELSE. Therein the United States Dollar was and still is clearly specified as an extremely precise weight or measurement of a metallic substance in the particular form and weight of a "coin". It is the "Dollar" specified in the COINAGE ACT OF APRIL 2, 1792, cited above that clearly mandates that it is the only "thing" that can be required in ALL court proceedings and actions as mentioned above.

The historic phrase "Sound as a Dollar" comes to mind as a comparison to today's many different Mediums of Exchange, and their daily fluctuation with the commercial world markets. Some people even buy and sell today's private Federal Reserve Notes – erroneously called "Dollars", for a "profit or loss" through a procedure known as Arbitrage. Arbitrage did not exist when the truly defined "United States Dollar" was based on the .999 fine SILVER STANDARD and when the phrase "Sound as a Dollar" had true meaning. Today, it takes exactly thirty (30) Federal Reserve Notes to purchase a non-collectable, standard United States Silver Dollar in a coin shop. In other words, it is a fact that there has been a 3,000% devaluation of what the American people use "AS money" and erroneously call a "Dollar", just since 1965 when the United States Government, itself only, went off what was known as "the silver STANDARD".

The "silver STANDARD" has always existed and still exists, and is still a valid measurement of the value of silver and silver based coins, but it no longer effects the

11

value of any United States "legal tender" paper, fiat money. This is the simple reason that today's People, including those reading this document, earn more money in the form of numbers, but that the so-called "money" doesn't go as far as it did in 1965, which of course places them in a higher tax bracket.

The undersigned is therefore genuinely confused as to what this UNITED STAES BANKRUPTCY COURT can lawfully "require" regarding its requested "Payment" of the subject alleged amount due, as none of the above "Mediums of Exchange" are even remotely considered "at par" today with the historic and specific United States "Dollar," "Disme," "Cent", and "Mille" as clearly specified in the United States COINAGE ACT OF APRIL 2, 1792 A.D.

Joaquin Andres Acosta has learned that "cash" in the form of today's private Federal Reserve Notes are NOT NOW, nor have they EVER been considered as the "MONEY OF ACCOUNT" of the UNITED STATES, or its Political Sub-divisions, Offices, Agencies, Boards, Branches, Bureaus, Departments, Divisions, Administrative Law Tribunals, and Constitutional, Judicial Department – Courts of Record, BUT they are "required" to "receive" them if "tendered". Private Federal Reserve Notes have also NEVER been considered as "Lawful Money of the United States", pursuant to the COINAGE ACT OF APRIL 2, 1792, the COINAGE ACT OF 1965 or 12 USC, Section 152.

It is hereby stipulated that private Federal Reserve Notes have been designated as "legal tender" for all debts public and private, but that designation only places a burden on the receiver "to receive" them, and places absolutely no burden on the one who may "tenders" such *as* a "Payment". It is therefore understood by Joaquin Andres Acosta that "cash" in the form of today's private Federal Reserve Notes, cannot, and does not lawfully qualify as, or is at par with, the specifically designated "MONEY OF ACCOUNT" of the United States clearly designated as – the "Dollar," "Disme," "Cent," and "Mille".

12

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

It should be noted that historically, even the old "Silver Certificate" which was invalidated in 1965, was NEVER lawfully considered as a United States "Dollar". It clearly was merely a "certificate" that only "certified", as thereon stated, that there was a United States [solid silver] "Dollar" in the Treasury of the United States of America - Payable to the Bearer on Demand". In other words, it merely "certified" that there was a real United States [solid silver] "Dollar", way over there, at the Treasury of the United States. It, therefore, was NOT a United States "Dollar" itself. It was merely a "Dollar Bill" that was to be presented, AS A BILL," for "Payment" of a real United States [solid Silver] "Dollar", and that presentment action was to be done at the Treasury of the United States of America. Of course that is not possible today, nor since 1965.

Joaquin Andres Acosta hereby declares that he has herein tendered this **VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**, AND WILL AGAIN DO SO IMMEDIATELY AFTER this Honorable SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN BERNARDINO makes the "thing" or "substance" of such "MONEY OF ACCOUNT" more definite and certain on the APPEALABLE record, as to what it can lawfully "determine" as a lawful "Payment".

Also, in addition, in House Joint Resolution No. 192, of the 73rd Congress, 1st Session, Approved June 5, 1933, @ 4:30 p.m (See MEMORANDUM OF LAW BELOW) the Congress of the United States [government] made it impossible for We the People to "Pay" for any obligations or "debts" leaving only the remedy to merely "DISCHARGE" such obligations and "debts".

American Law and Jurisprudence also clearly states that only Silver and Gold Coin may be used as a "Payment" of a "debt", and that all other forms of "legal tender" may only be used to "Discharge" [not pay] a "debt". When one thinks they have "Paid" off their house mortgage, the document issued is clearly identified as a MORTGAGE

13

DISCHARGE. Check it out with an American Title Company. They know the difference between a "Payment" of a mortgage, and a "DISCHARGE" of a mortgage.

Request is hereby made for the receiver(s) of this document to timely look up, know, and understand the legal meanings of the words "Payment", "Discharge", "Dollar" and "Debt" in order to clearly know and understand this VERIFIED GOOD FAITH OFFER TO PAY and the PAYMENT OF THE DEBT vs DISCHARGE OF THE DEBT issues presented herein.

Again, Joaquin Andres Acosta hereby respectfully requests Judge MERIDETH JURY, Judge of the UNITED STATES BANKRUPTCY COURT to make the "MEDIUM OF EXCHANGE" to be used as a "lawful Payment" for the subject alleged amount due, more definite and certain, as time is of the essence.

The undersigned respectfully demands this valid sought-after information to be timely presented to the name and the location mentioned below within a reasonable ten (10) days as time is of the essence.

If there is a default and a dishonor of this timely **VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**, it will be noted, and the alleged Amount due, will be deemed to be fully "DISCHARGED" as a matter of well-settled American Law and Jurisprudence as clearly provided in both today's Stare Decisis, and today's Uniform Commercial Code (UCC).

///

///

///

///

///

///

14

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Executed by the voluntary act of my own hand on the land in the old original underlying 1853 A. D. San Bernardino County in the old original underlying 1849 A.D. California Republic, and dated this nineteenth day of the tenth month, in the year two thousand and fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of America.

By: Joaquin Andres Acosta
Authorized Representative of
JOAQUIN ANDRES ACOSTA
(Legal distinction being made ON THE RECORD.)
All Rights Reserved
UCC 1-308, Without Prejudice

**DECLARATION**

15

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**Of Joaquin Andres Acosta**
**AND NEW RE-DEMAND FOR TIMELY RESPONSE**

**DECLARATION OF FACTS**

1. I am over the age of twenty-one years, have personal knowledge of the matters stated herein, and hereby offer to be a witness to which I can and will competently testify regarding the written Facts contained in this Affidavit.

2. In the COINAGE ACT OF 1965, the United States government went off of the "Silver Standard".

3. In the COINAGE ACT OF 1965, the act of the United States [government] going off of the Silver Standard, did not invalidate the centuries old Silver Standard.

4. By going off of the Silver Standard, with the COINAGE ACT OF 1965, the United States [government] invalidated the MEDIUM OF EXCHANGE used for its own MONEY OF ACCOUNT for itself and all United States Court proceedings.

5. The MEDIUM OF EXCHANGE used for THE MONEY OF ACCOUNT of the United States of America is found in the COINAGE ACT OF APRIL 2, 1792, at Section 20, to wit:

> "*And be it further enacted*, That the <u>money of account of the United States</u> shall be expressed in <u>dollars</u> or units, <u>dismes</u> or tenths, <u>cents</u> or hundreds, and <u>milles</u> or thousands, a disme being a tenth part of a dollar, a cent the hundredth part of a dollar, a mille the thousands part of a dollar, and that <u>all accounts in the public offices AND ALL PROCEEDINGS IN THE COURTS OF THE UNITED STATES</u> shall be kept and had in conformity to this regulation". (Emphasis added)

6. The MEDIUM OF EXCHANGE used for THE MONEY OF ACCOUNT of the STATE OF CALIFORNIA, is also clearly specified in *California Government Code*, Section 6850, to wit:

> "The **MONEY OF ACCOUNT of the State of California <u>and all Court proceedings, shall be</u> had and held <u>in the</u> [precise] <u>form of</u> the [silver] <u>Dollar,**

16
**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

[copper] **Cent and** [copper] **Mille"**. [the old historic Mille being 1/10th of a Cent] (Emphasis added)

7.   The MEDIUM OF EXCHANGE for the MONEY OF ACCOUNT of the United States [government], NEVER been redefined and remains the same as stated above.

8.   The only American law that ever defined the American Dollar was the COINAGE ACT OF APRIL 2, 1792.

9.   The COINAGE ACT OF APRIL 2, 1792, clearly defined the American Dollar as a very precise weight and grade of Silver stamped in the form of a coin, with a seriated edge to discourage whittling of the precious metal thus devaluing the coin.

10.   The smallest unit of American measurement was and is the "grain", as compared to a "grain of wheat".

11.   From the beginning, there have always been 480 grains to equal and American ounce.

12.   The American dollar was patterned after the old Spanish Milled Dollar that had been used in the thirteen American colonies for many years.

13.   To create the American Dollar with the same (silver content) value as the old Spanish Milled Dollar, the American government weighed a large amount of Spanish Milled Dollars, to determine the average weight of such money.

14.   It was determined that the average Spanish milled a dollar weighed the equivalent of 371.25 grains of pure silver.

15.   The COINAGE ACT OF APRIL 2, 1792, thereafter mandated that the new American dollar would weigh exactly and precisely 271 and 4/16 grains of pure silver. (That's a weight equal to a grain of wheat divided into 16 precise and equal parts.)

16.   The above stated weight, and a case that the American government further divided weight of a grain into sixteen equal and minute subparts.

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17.  The COINAGE ACT OF APRIL 2, 1792, at Section 9, clearly identified the penalty for those working at the mint for debasing the American dollar with a weight less than specified, for the purpose of personal profit or gained, or otherwise with a fraudulent intent, . . . **"every such officer or person who shall commit any or either of the side offences, shall be guilty of felony, and shall suffer death."**

18.  Each coin minted with a value above a half disme was to have a seriated edge to discourage the unlawful whittling, and related reduction in a specific and declared weight of the American coins.

19.  All of the American coins were to be made and with a precise finance of a precious metal, whether Gold or Silver.

20.  All of the American coins that were made with a precise fineness of a precious metal were defined as a money of "specie".

21.  All paper money printed and used in the United States that were and are not backed by a precious metal coin are known today as "Fiat money".

22.  All of today's nickel-copper "clad" coins minted and used in the United States that were and are not backed by a precious metal, were and are also known as "Fiat money",

23.  The Constitution for the United States of America, at Article I, Section 8, gave the United States Congress the authority to: **"Coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures."**

24.  There is absolutely no provision in today's Constitution for the United States of America for the printing of paper money.

25.  The just weights for American money was established by Congress, within the various coinage acts, by fixing and regulating the quantity and fineness of gold and silver at a dollar weight or disme weight contained. Thus, when a silver coin labeled "one dollar" exchanges hands, both parties readily understand exactly

18

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

what the "medium of exchange" is and the precise amount of silver they have traded.

## DECLARATION OF PERSONAL DISCLAIMER AND CAVEAT

Joaquin Andres Acosta, also declares that he is not an expert in law, but however does know right from wrong. That if there is any human damaged by any statements herein, DEMAND is hereby made for him or his to inform the undersigned, by stated and provable facts, and then Joaquin Andres Acosta will then sincerely make every effort to change his truly and sincerely held understandings and beliefs as stated in the hereinbefore presented AFFIDAVIT OF FACTS STATEMENT.

Joaquin Andres Acosta, thus hereby and herein reserve the right to amend and make subsequent amendments to this document as necessary in order that the True Ultimate Facts may be timely ascertained.

If any party given notice by means of this document has valid information that would controvert and overcome the subject STATEMENT OF FACTS as shown in this good faith AFFIDAVIT OF FACTS STATEMENT, DEMAND is hereby made for them to timely advise the undersigned, IN WRITTEN, in AFFIDAVIT FORM, within a reasonable ten (10) days from receipt thereof, providing the undersigned, with a valid and timely Counter Affidavit, providing and stating with particularity, all requisite constitutionally valid law(s) and authorities, not merely stating ultimate facts or conclusions of law, that this AFFIDAVIT OF FACTS STATEMENT is substantially and materially false, sufficiently to change materially its factual declarations.

DUE PROCESS NOTICE is hereby also given that the receiver of this document's silence will stand as consent to, and tacit approval of, the factual declarations herein being established as fact, as a matter of law. Reserving ALL natural God-Given, Unalienable (Un-lienable) Birthrights, Waving none, Ever. 28 U.S.C., Section 1746.

Executed by the voluntary act of my own hand on the land in the old original underlying 1853 A. D. San Bernardino County in the old original underlying 1849 A.D.

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

California Republic, and dated this nineteenth day of the tenth month, in the year two thousand and fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of America.

_____

By: Joaquin Andres Acosta
Authorized Representative of
JOAQUIN ANDRES ACOSTA
(Legal distinction being made ON THE RECORD.)
All Rights Reserved
UCC 1-308, Without Prejudice

20

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

# MEMORANDUM OF AMERICAN LAW
# JUSTIFIABLY RELIED UPON

Notice the specific words "Payment", "discharge", "dollar", "money", "legal tender", and "debt".

### JOINT RESOLUTION TO SUSPEND THE GOLD
### STANDARD AND ABROGATE THE GOLD
### CLAUSE, JUNE 5, 1933
### H.J. Res. 192, 73rd Cong., 1st Session

Whereas the holding of or dealing in gold affect the public [government] interest, and therefore subject to proper regulation and restriction; and Whereas the existing emergency has disclosed that provisions of obligations which purport to give the obligee a right to require <u>payment</u> in gold or a particular kind of <u>coin</u> or currency <u>of the United States</u>, or in an amount of <u>money of the United States</u> measured thereby, obstruct the power of the Congress to regulate the value of <u>money of the United States</u>, and are inconsistent with the declared policy of the Congress to maintain at all times the equal power of every <u>dollar, coined or issued by the United States</u>, in the markets and in the <u>payment</u> of <u>debts</u>. Now, therefore, be it Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That (a) <u>every provision contained in or made with respect to any</u> [contractual] <u>obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against Public</u> [government] <u>Policy; and no such provision shall be contained in or made with respect to any</u> [contractual] <u>obligation hereafter incurred. Every</u> [contractual] <u>obligation, heretofore or hereafter incurred, whether or not any such provisions is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar</u>, in any such coin or currency which at the time of <u>payment</u> is legal tender for public [governmental] and private <u>debts</u>. Any such provision contained in any law authorizing obligations to be issued by or under authority of the United States, is hereby repealed, but the repeal of any such provision shall not invalidate any other provision or authority contained in such law.  (b) As used in this resolution, the term "obligation" means an obligation (including every obligation of and to the United States, <u>excepting currency) payable in money</u> of the United States; and the term "coin or currency" means coin or currency of the United States,

21

including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations.

SEC. 2. The last sentence of paragraph (1) of subsection (b) of section 43 of the Act entitled " An Act to relieve the existing national economic emergency by increasing agricultural purchasing power, to raise revenue for extraordinary expenses incurred by reason of such emergency, to provide emergency relief with respect to agricultural indebtedness, to provide for the orderly liquidation of joint-stock land banks, and for other purposes", approved May 12, 1933, is amended to read as follows:

"All coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations) heretofore or hereafter coined or issued, shall be <u>legal tender for all debts</u>, for public [governmental] and private, public charges, taxes, duties, and dues, except that gold coins, when below the standard weight and limit of tolerance provided by law for the single piece, shall be legal tender only at valuation in proportion to their actual weight."

Approved June 5, 1933, 4:30 p.m.

<u>OFFER TO PAY</u>
<u>Memorandum of American Law and Jurisprudence</u>

<u>California Civil Code</u>, Section 1485.
Extinction of Obligation.

OBLIGATION EXTINGUISHED BY OFFER OF PERFORMANCE. An obligation is extinguished by an offer of performance, made in conformity to the rules herein prescribed, and with intent to extinguish the obligation. (Enacted 1872)

   **"Tender is offer of performance made with intent to extinguish obligation and when properly made his effect of putting other party in default if it refuses to accept it.**
   <u>**Still v. Plaza Marina Commercial Corp.**</u> **(1971) 98 Cal.Rptr. 414, 21 C.A.3d 378.**

<u>California Civil Code</u>, Section 1487.
Person required to make offer.

<u>California Civil Code</u>, Section 1488.

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Procedure in making offer.

> **An offer of performance must be made to the creditor, or to any one of two or more joint creditors, or to a person authorized by one or more of them to receive or collect what is due under the obligation, if such creditor or authorized person is present at the place where the offer may be made; and if not, wherever the creditor may be found. (Enacted 1872. Amended by Code Am.1873-74, c. 612, p. 240, Section 183.)**

California Civil Code, Section 1489.

Place of offer.

> **WHERE OFFER MAY BE MADE. In the absence of an express provision to the contrary, an offer of performance may be made, at the option of the debtor:**

**1.    At any place appointed by the creditor; or,**

**2.    Wherever the person to whom the offer ought to be made can be found; or,**

**3.    If such person cannot, with reasonable diligence, be found within this State, and within a reasonable distance from his residence or place of business, or if he evades the debtor, then at his residence or place of business, if the same can, with reasonable diligence, be found within the State; or,**

**4.    If this cannot be done, then at any place within this State    (Enacted 1872)**

> **"Where mortgagee is absent from the state during the period of redemption, the tender to redeem must be made as required by the provision of this section that the tender may be made at his residence or place of business, if the same can be found, and, if not, <u>at any place within the state</u>". (Emphasis added) <u>Swain v. Jacks</u> (1889) 57 P. 989, 125 C. 215.**

California Civil Code, Section 1490.

Time of offer.

WHEN OFFER MUST BE MADE.    Where an obligation fixes a time for its performance, and offer of performance must be made at that time, within reasonable hours, and not before nor afterwards. (Enacted 1872)

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

"Where considering the whole transaction, a mortgage is evidently intended, a tender upon the exact day is not strictly necessary to preserve the rights of the parties as to redemption".
Pioneer Gold Min. Co. v. Baker (C.C.1885) 23 F. 258,

California Civil Code, Section 1496.

Production of thing to be delivered.

PRODUCTION OF THING TO BE DELIVERED NOT NECESSARY. The thing to be delivered, if any, need not in any case be actually produced, upon an offer of performance, unless the offer is accepted". (Enacted 1872)

"Where there is no objection by payee to form of offer, and writing itself prescribes no particular form, physical tender of money itself is unnecessary".
Moriarty v. Carlson (1960) 7 Cal.Rptr. 282, 184 C.A.2d 51.

"In view of this section and Section 1501 declaring that all objections to the mode of an offer which could be stated at the time to the person making the offer, and could be then obviated by him, are waived unless then stated, in case of an offer to pay money, actual production of it is waived unless demanded at the time".
Green v. Barney (1894) 36 p. 1026, 4 C.U. 665.

California Civil Code, Section 1498.
Offer dependent upon performance of conditions.

PERFORMANCE OF CONDITION PRECEDENT.    When a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition. (Enacted 1872)

"Validity of tender was not impaired by coupling with it demand for return of property pledged as security, in view of Sections 1498 and 1504".
Perry v. Bank of Bakersfield (1918) 170 P. 415, 177 C. 206.

California Civil Code, Section 1501.

Time for objection to mode of offer.

24
FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**OBJECTIONS TO MODE OF OFFER.** All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated. (Enacted 1872)

"Purpose of this section requiring that person to whom tender is made must specify any objection he has to tender is to allow debtor who is willing and able to pay his debt to know what his creditor demands so that debtor may, if he wishes, make conforming tender".
<u>Noyes v. Habitation Resourses, Inc.</u> (App. 2 Dist. 1975) 123 Cal.Rptr. 261, 49 Cal.App.3d 910, 82 A.L.R.3d 1192

"This section and C.C.P. Section 2076, providing that objections to tender are waived if not specifically made, must be read as though parts of same statute".
<u>Hind v. Oriental Products Co.</u> (1925) 235 P. 438, 195 C. 655.

"This section is not restricted to objections to the thing offered, and the time and mode of offering it, but applies also to objections to the conditions on which the tender is made".
<u>Kofoed v. Gordon</u> (1898) 54 P. 1115, 122 C. 314.

"The basis of the rule that objections to a tender not raised are deemed waived is that ordinarily a party who makes an improper tender through no fault of his own should be given an opportunity to correct it".
<u>Weinberg v. Dayton Storage Co.</u> (1942) 124 P.2d 155. 50 C.A.2d 750.

"If creditor objects to mode of tender, it must be on ground that there is no lawful offer of money.
<u>Noyes v. Habitation Resourses, Inc.</u> (App. 2 Dist. 1975) 123 Cal.Rptr. 261, 49 Cal.App.3d 910.

"Where there is no objection by payee to form of offer, and writing itself prescribes no particular form, physical tender of money itself is unnecessary".
<u>Moriarty v. Carlson</u> (App. 2 Dist. 1948) 83 Cal.App.2d 745, 189 P.2d 51.

"A creditor who objects to mode of an offer of performance, which creditor has an opportunity to state, must so state it, if objection could have been obviated by the other party, otherwise it will be waived".
<u>Hohener v. Gauss</u> (App. 2 Dist. 1963) 34 Cal.Rptr. 656, 221 Cal.App.2d 797.

25

"In view of this section and Section 1496, which provides that, unless an offer of performance be accepted, the thing to be delivered need not be actually produced in case of an offer to pay money, actual production of it is waived unless demanded at the time".
Green v. Barney (1894) 36 P. 1026, 4 C.U. 665.

"Creditor may not remain silent regarding tender and later surprise debtor with hidden objections thereto".
Noyes v. Habitation Resourses, Inc. (App. 2 Dist. 1975) 123 Cal.Rptr. 261, 49 Cal.App.3d 910.

California Civil Code, Section 1504.
Effect of offer on interest and incidents of obligation.

EFFECT OF OFFER ON ACCESSORIES OF OBLIGATION. An offer of payment or other performance, duly made, though the title to the thing offered by not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof. (Enacted 1872)

"Validity of tender was not impaired by coupling with it demand for return of property pledged as security, in view of Sections 1498 and this section". (Emphasis added.) Berry v. Bank of Bakersfield (1918) 170 P. 415, 177 C. 206.

"Where a tender is made of the full amount due before suit is brought, and the tender is kept good and brought into court, the judgment should be for plaintiff for the amount tendered and for defendant for his costs."
Curiac vs. Abadie, (1864) 25 Cal 502.

"Tender of amount of obligation must be duly made and in good faith to discharge lien given as collateral security thereof." (Emphasis added.)
Sondel v. Arnold (1934) 39 P.2d 793, 2 C.2d 87.

"Tender of mortgage debt with interest and title examination fee and mortgagee's refusal without objection discharged mortgage lien." (Emphasis added.) Wiemeyer v. Southern Trust & Commerce Bank (1930) 290 P. 70, 107 C.A. 165.

California Civil Code, Section 1511.
Causes excusing performance.

26

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**The want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused by the following causes, to the extent to which they operate:**

**1.  When such performance or offer is prevented or delayed by the act of the creditor, or by the operation of law, even though there may have been a stipulation that this shall not be an excuse; however, the parties may expressly require in a contract that the party relying on the provisions of this paragraph give written notice to the other party or parties, within a reasonable time after the occurrence of the event excusing performance, of an intention to claim an extension of time or of an intention to bring suit or of any other similar or related intent, provided the requirement of such notice is reasonable and just;**

**3.  When the debtor is induced not to make it, by any act of the creditor intended or naturally tending to have that effect, done at or before the time at which such performance or offer may be made, and not rescinded before that time. (Enacted 1872.  Amended by Stats. 1965, c. 1730, p. 3888, § 1.)**

California Civil Code, Section 1512.

Performance prevented by creditor.

**If the performance of an obligation be prevented by the creditor, the debtor is entitled to all the benefits which he would have obtained if it had been performed by both parties. (Enacted 1872.  Amended by Code Am. 873-74, c. 612, p. 240,  § 184.)**

California Code of Civil Procedure, Section 2074.
Rejected offer as equivalent to production and tender of money, instrument, or property.

**An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument, or property. (Enacted 1872)**

**Under this section, where circumstances authorized the use of mails, was effective when deposited in the mail and was equivalent to tender on the mailing date.**

**State v. Agostini** **(App. 1 Dist. 1956) 139 Cal.App.2d 909, 294 P.2d 769.**

27

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

California Code of Civil Procedure, Section 2075.
Right to receipt for payment or delivery.

**Whoever pays money, or delivers an instrument or property, is entitled to a receipt therefore from the person to whom the payment or delivery was made, and may demand a proper signature to such receipt as a condition of the payment or delivery. (Enacted 1872)**

California Code of Civil Procedure, Section 2076.
Objections to tender; time; specification.

**The person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards. (Enacted 1872)**

**"The rationale of the requirement of the specific objection is that the offeror should be permitted to remedy any defects in his tender; the offeree is therefore not allowed to remain silent <u>at the time of the tender</u> and later surprise the offeror with hidden objections."**
**<u>Thomassen v. Carr,</u> (1967) 250 C.A.2d 341; 58 Cal. Rptr. 297.**

**"Provisions of this section concerning requirements for objections to tender applies when tender is made".**
**<u>Canal-Randolph Anaheim, Inc. v. Moore</u> (App. 4 Dist. 1978) 144 Cal.Rptr. 474, 78 Cal.App.3d 477.**

**"This section is liberally construed".**
**<u>Kofoed v. Gorden</u> (1898) 122 Cal. 314, 54 P. 1115.**

**"West's Ann.Cal.C.C.P. Section 2076, requiring objections to tender to be specified and West's Ann.Cal.Civ.Code Section 1501, providing that all objections to mode of offer or performance are waived by creditor if not stated at time to person making offer, should be read together".**
**<u>Sanguansak v. Myers</u> (App. 1 Dist. 1986) 223 Cal.Rptr. 490, 178 Cal.App.3d 110.**

**"West's Ann.Cal.C.C.P. Section 2076, and West's Ann.Cal.Civ.Code Section 1501 are primarily intended to protect debtors/offerors who perform or tender performance in good faith from harm by**

28

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

creditors/offerees who refuse to accept or intentionally fail to demand proper tender".
Sanguansak v. Myers (App. 1 Dist 1986) 223 Cal.Rptr. 490, 178 Cal.App.3d 110.

"Purpose of statutes requiring that person to whom tender is made must specify any objection he has to tender is to allow debtor who is willing and able to pay his debt to know what his creditor demands so that debtor may, if he wishes, make conforming tender".
Noyes v. Habitation Resourses, Inc. (App. 2 Dist. 1975) 123 Cal.Rptr. 261, 49 Cal.App.3d 910.

"Provision of this section requiring person to whom tender is made to specify any objection he has to money or be deemed to have waived it are for purpose of informing debtor, who is willing and able to pay his debt, that he may if he chooses, make offer conform.
Still v. Plaza Marina Commercial Corp. (App. 5 Dist. 1971) 98 Cal.Rptr. 414, 21 Cal.App.3d 378.

"If creditor objects to mode of tender, it must be on ground that there is no lawful offer of money.
Noyes v. Habitation Resourses, Inc. (App. 2 Dist. 1975) 123 Cal.Rptr. 261, 49 Cal.App.3d 910.

"Where there is no objection by payee to form of offer, and writing itself prescribes no particular form, physical tender of money itself is unnecessary".
Moriarty v. Carlson (App. 2 Dist. 1948) 83 Cal.App.2d 745, 189 P.2d 51.

"A tender need not be kept good when it appears that it will not be accepted".
Hossom v. City of Long Beach (App. 2 Dist. 1948) 83 Cal.App.2d 745, 189 P.2d 787.

"Rational of requirement that offeree make specific objection to offeror's tender or waive objection to conditions imposed by offeror is that offeror should be permitted to remedy any defects in his tender".
Layton v. West (App. 1 Dist. 1969) 76 Cal.Rptr. 507, 271 Cal. App.2d 508.

"The basis of the rule that objections to a tender not raise are deemed waived is that ordinarily a party who makes an improper tender, through no fault of his own, should be given an opportunity to correct it".

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

<u>Weinberg v. Dayton Storage Co.</u> (App. 1 Dist. 1942) 50 Cal.App.2d 750, 124 P.2d 155.

"A creditor who objects to mode of an offer of performance, which creditor has an opportunity to state, must so state it, if objection could have been obviated by the other party, otherwise it will be waived".
<u>Hohener v. Gauss</u> (App. 2 Dist. 1963) 34 Cal.Rptr. 656, 221 Cal.App.2d 797.

"Creditor may not remain silent regarding tender and later surprise debtor with hidden objections thereto".
<u>Noyes v. Habitation Resourses, Inc</u>. (App. 2 Dist. 1975) 123 Cal.Rptr. 261, 49 Cal.App.3d 910.

"Defendant, not having objected to amount and terms of tender, cannot first urge on appeal that tender was subterfuge".
<u>Weyse v. Biedebach</u> (App. 2 Dist. 1927( 86 Cal.App. 736, 261 P. 1092.

"Objections to time and mode of tender, not having been made at time nor till trial, are deemed waived".
<u>Smith v. Lobb</u> (App. 1917) 33 Cal.App. 790, 166 P. 1026.

"All objections to a tender by personal check, cashier's check or by money are waived by the creditor if not then stated".
<u>Rose v. Hecht</u> (App. 2 Dist. 1949) 94 Cal.App.2d 662, 211 P.2d 347.

"By failure to object to a tender as to the mode of the offer, the party to whom the tender is made waives the grounds of the objections which he had an opportunity to state at the time and which could then have been obviated by the tenderer".
<u>Smith v. Central & Pacifice Imp Corp</u>. (App. 1 Dist. 1919) 45 Cal.App. 348, 187 P. 456.

<u>Uniform Commercial Code</u>, Section 3603 (b).
Tender of Payment.

"If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the instrument is refused, there is discharge, to the extent of the amount of the tender of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates".

<u>Uniform Commercial Code</u>, Section 3604.

30
**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Tender of Payment.

(1) Any party making full tender of payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs, and attorney's fees.

(2) The holder's refusal of such tender wholly discharges any party who has a right of recourse against the party making tender.

(3) Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due is equivalent to tender.

Operation of Law.

"Operation of law means the practical effect of what the law is intended to be on the subject".
American Bitumuls & Asphalt Co. v. U.S., Cust.Ct. 146 F.Supp. 703, 713, 714.

"In its usual signification, "operation of law" is generally applicable to matters involving title and refers to situations in which rights, and sometimes liabilities, are created without actions by the parties; it is said also to mean the obligation of law; or its practical working and effect".
American Bitumuls & Asphalt Co. v. U.S., Cust.Ct. 146 F.Supp. 703, 713, 714.

Default.

"Default. By its derivation, a failure. An omission of that which ought to be done. Town of Milton v. Bruso, 111, Vt. 82, 10 A.2d 203, 205. Specifically, the omission or failure to perform a legal or contractual duty, Easterwood v. Willingham, Tex.Civ.App., 47S.W2d. 393, 395; to observe a promise or discharge an obligation (e.g. to pay interest or principal on a debt when due), Bradbury v. Thomas, 135 Cal.App. 435, 27 P.2d 402; or to perform an agreement, Eastman v. Morgan, D.C.N.Y., 43 F.Supp. 637, 641. The term also embraces the idea of dishonest, and of wrongful act, Greco v. S.S. Kresge Co., 277 N.Y. 26, 12 N.E.2d 557, 52; or an act of omission discreditable to one's profession, Hilkert v. Canning, 58 Ariz. 290, 119 P.2d 233, 236."
Black's Law Dictionary, Sixth Edition, page 417.

Discharge.

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

"As applied to demands, claims, rights of action, encumbrances, etc., to discharge the debt or claim is to extinguish it, to annul its obligatory force, to satisfy it..."
Black't Law Dictionary, Fourth Edition, page 549.

Tender.

Black's Law Dictionary, 4th Edition, page 1637, "TENDER":
"The offer of performance, not performance itself, and when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract".  (Walker v. Houston, 215 Cal. 742, 12 P.2d  952, 953, 87 A.L.R. 937.) (Emphasis added)

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

## VERIFICATION

I, the undersigned, declare that:

I have read the foregoing **FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,** and know the contents thereof.

I am a party to the above entitled action or proceeding, and certify that the matters stated therein are facts of my own knowledge.

I declare under the penalty of perjury of the Laws of the California state Republic state and *these* United States of the America, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this verification is executed by the voluntary act of my own hand in THE COUNTY OF SAN BERNARDINO and is dated this fourteenth day of the tenth month, in the year two thousand and fifteen, Anno Domini, in the two-hundred and thirty-ninth year of the Independence of the America.

Joaquin Andres Acosta, in pro se
Authorized Representative of
JOAQUIN ANDRES ACOSTA
(A specific distinction being made)
All Rights Reserved
UCC 1-308, Without Prejudice

FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# **PROOF OF SERVICE**

In the STATE OF CALIFORNIA, THE COUNTY OF SAN BERNARDINO.

I, the undersigned, herein declare that I am over the age of eighteen years and NOT a party to the within entitled action.

I hereby declare under the penalty of perjury in the STATE OF CALIFORNIA and *these* United States of America, that I served the foregoing document entitled **FIRST AMENDED  VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** on the opposing party(ies) by depositing in a Mail Box maintained by the United States Postal Service with postage prepaid, addressed as follows:

> **MATTHEW J. MARNELL, CA BAR No 106611**
> **S. MARK STRAIN, CA BAR No. 183911**
> **JEAN-RENE BASLE CA BAR No 134107**
> **358 North Arrowhead Avenue, Fourth Floor**
> **San Bernardino, California 92415-0140**

I declare under the penalty of perjury of the Laws of the STATE OF CALIFORNIA and *these* united States of the America, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this PROOF OF SERVICE is executed by the voluntary act of my own hand in THE COUNTY OF SAN BERNARDINO and is dated this nineteenth day of the tenth month, in the year two thousand and fifteen, Anno Domini, in the Two-Hundred and thirty-ninth year of the Independence of the America.

_____     *Robert Shafer*

_____

_____

34

**FIRST AMENDED VERIFIED GOOD FAITH OFFER TO PAY JUDGMENT TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**