TODD A. FREALY (SBN 198780)
CHAPTER 7 TRUSTEE
3403 Tenth Street, Suite 709
Riverside, California 92501
Telephone: (951) 784-4122
Facsimile: (951) 784-7143
Email: taf@lnbyb.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:14-bk-12539-MJ |
| JOAQUIN ANDRES "ANDY" ACOSTA, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION TO DISALLOW CLAIM NO. 10-1 FILED BY CALEGARI LAW CORPORATION TO THE EXTENT IT SEEKS PRIORITY STATUS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TODD FREALY IN SUPPORT THEREOF** |
| | Date:  May 15, 2018<br>Time:  11:00 a.m.<br>Place: Courtroom 301<br>      U.S. Bankruptcy Court<br>      3420 12th Street<br>      Riverside, California |

TO THE HONORABLE MEREDITH JURY, UNITED STATES BANKRUPTCY JUDGE; CLAIMANT; THE OFFICE OF THE UNITED STATES TRUSTEE; AND INTERESTED PARTIES:

PLEASE TAKE NOTICE that Todd Frealy, the Chapter 7 Trustee (the "Trustee") for the estate of Joaquin Andres "Andy" Acosta, the debtor herein (the "Debtor"), hereby files a motion to disallow Claim No. 10-1 (the "POC No. 10") filed in the above referenced case by Calegari Law Corporation ("Claimant") to the extent it seeks priority status on the grounds that

1    POC No. 10 improperly seeks administrative priority pursuant to Section 507(a)(4) (the

2    "Objection"). The Objection is made on the grounds set forth in the attached Memorandum of

3    Points and Authorities, which are incorporated herein by reference. A true and correct copy of

4    POC No. 10 is attached hereto as Exhibit 1. POC No. 10 asserts a claim in the amount of

5    $11,991.45 for legal services rendered by Claimant on behalf of the Debtor and his company, AJ

6    Acosta Company. However, Claimant was not an employee of the Debtor and is therefore not

7    entitled to receive administrative priority for this claim. **The Objection seeks to alter the rights**

8    **of Claimant by disallowing POC No. 10 to the extent it seeks status as a priority claim**

9    **based on the grounds set forth herein and in the attached moving papers.** The Trustee seeks

10   a Court order reclassifying POC No. 10 from priority status to a general unsecured claim.

11          In support of this Motion, the Trustee further relies on the attached Declaration of Todd

12   Frealy, the record in this case, and such further evidence and arguments as may be presented to

13   the Court prior to or at the time of hearing.

14          **PLEASE TAKE FURTHER NOTICE** a hearing on this Motion will be held before the

15   Honorable Meredith Jury, United States Bankruptcy Judge, on May 15, 2018 at 11:00 a.m. in

16   Courtroom "301" United States Bankruptcy Court, 3420 12th Street, CA 92501.

17          **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 3007-

18   1(b), any response to the objection must be filed with the Clerk of the Court no later than

19   fourteen (14) days prior to the date of the hearing set forth above and served upon the Trustee at

20   the address set forth in the upper left-hand corner of page one of this Notice and Motion.

21   **PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO LOCAL**

22   **BANKRUPTCY RULE 3007-1(b), IF YOU FAIL TO TIMELY RESPOND IN**

23   **ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF**

24   **REQUESTED IN THE OBJECTION WITHOUT FUTHER NOTICE OR HEARING.**

25

26   DATED: April 13, 2018

                                    By:  _/s/ Todd A. Frealy_____
27                                        TODD A. FREALY
                                          Chapter 7 Trustee
28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1.    On February 28, 2014, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed as Chapter 7 Trustee.

2.    The Trustee filed a notice of assets in the Debtor's case and simultaneously set a claims bar date of June 16, 2014. The claims bar date was later extended by stipulation to May 31, 2015 pursuant to a Court order entered on March 31, 2015 (the "Claims Bar Date").

3.    In connection with analyzing the claims filed in the Debtor's case, the Trustee obtained copies of all available proofs of claim and interest filed in the Debtor's case from the Clerk's Office of the United States Bankruptcy Court for the Central District of California – Riverside Division. Upon obtaining copies of such proofs of claim and interest, the Trustee analyzed all of the documentation filed by the respective putative creditors and interest holders in support of the claims and determined that the aforementioned POC No. 10 is objectionable as discussed more fully below, on the grounds that Claimant was not an employee of the Debtor and cannot therefore seek priority status for wages, salaries or commissions.

4.    On June 18, 2014, Claimant filed a proof of claim asserting a priority wage claim in the amount of $11,991.45 for legal services rendered by Claimant for the Debtor and his company, AJ Acosta Company. A true and correct copy of POC No. 10 is attached hereto as Exhibit 1 and is incorporated herein by reference. In support of POC No. 10, Claimant attached time records which show that Claimant provided legal services for the Debtor and AJ Acosta Company.

5.    The Trustee seeks an order holding that POC No. 10 is disallowed to the extent that it seeks status as a priority wage claim, and therefore, the Trustee seeks a Court order reclassifying POC No. 10 as a general unsecured claim.

///

///

## II.

## ARGUMENT

**A.    Procedural Requirements For Objection to Claims.**

Rule 3007 of the Federal Rules of Bankruptcy Procedure governs the procedure for objection to claims and provides:

> An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession . . . at least thirty days prior to the hearing.

Fed. R. Bankr. P. 3007.

Pursuant to Rule 3007, a copy of this Objection has been mailed to the Claimant whose claim the Trustee is objecting to at least 30 days prior to the hearing date set by the Court for consideration of the Objection. Accordingly, the Trustee has complied with Rule 3007.   In addition, Section 502(b) states, in relevant part:

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

While the filing of a proper proof of claim constitutes prima facie evidence of the validity of the claim pursuant to Section 502(a), once an objecting party submits sufficient evidence to place the claimant's entitlement at issue, the burden then shifts to the claimant.  In re Lundell, 223 F.3d 1035, 1039 (9th Cir. 2000).  The objecting party is not required to disprove the claim, but rather a claimant must establish by a preponderance of the evidence that its claim should be allowed.  In re Kahn, 114 B.R. 40 (Bankr. S.D.N.Y. 1990).  Thus, the burden of persuasion rests with the claimant.  Lundell at 1039 (ultimate burden of persuasion remains at all times upon the claimant); In re MacFarlane, 83 F.3d 1041, 1044 (9th Cir. 1996); Kham &

1  Nate's Shoes No. 2, Inc. v. First Bank of Whiting, 97 B.R. 420, 424 (Bankr. N.D. Ill. 1989)

2  (claimant bears burden of persuasion by preponderance of evidence).

3  **B.    The Claim Should Not Be Entitled To Priority Status.**

4      The Trustee respectfully submits that POC No. 10 should be disallowed to the extent it

5  seeks status as a priority wage clam. Claimant was not an employee of the Debtor, and is

6  therefore not entitled to wages, salaries or commissions from the Debtor. Instead, Claimant was

7  Debtor's law firm who performed legal services for the Debtor and the Debtor's company, AJ

8  Acosta Company. As such, Claimant is not entitled to priority status, and POC No. 10 should re

9  reclassified as a general unsecured claim.

10                                      **III.**

11                          **RESERVATION OF RIGHTS**

12      The Trustee expressly reserves the right to amend, modify or supplement the Objection

13  and to assert additional objections to POC No. 10 or any other proofs of claim (filed or not) that

14  may be asserted against the estate by the Claimant. Should the grounds for disallowance of POC

15  No. 10 stated in the Motion be deemed insufficient, the Trustee reserves his right to object on

16  any other grounds that the Trustee discovers during the time that this case is pending.

17                                      **IV.**

18                              **CONCLUSION**

19      For the reasons set forth above, the Trustee respectfully requests that the Court enter an

20  order (i) sustaining the Successor Trustee's objection to POC No. 10; (ii) disallowing POC No.

21  10 in its entirety; and (iii) granting such other and further relief the Court deems just and proper.

22  DATED:  April 13, 2018

23                              By:  ___/s/ Todd A. Frealy_
24                                      Chapter 7 Trustee

25

26

27

28

### DECLARATION OF TODD A. FREALY

I, Todd Frealy, hereby declare as follows:

1.    I am the duly appointed chapter 7 trustee for the bankruptcy estate of Joaquin Andres "Andy" Acosta, the debtor in the above-captioned bankruptcy case (the "Debtor"). I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.    I make this declaration in support of the motion (the "Motion"), attached hereto, for an order disallowing the claim described below. I have reviewed the Motion in its entirety and agree with its contents.

3.    On February 28, 2014, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. Thereafter, I was appointed as Chapter 7 Trustee.

4.    I filed a notice of assets in the Debtor's case and simultaneously set a claims bar date of June 16, 2014. The claims bar date was later extended by stipulation to May 31, 2015 pursuant to a Court order entered on March 31, 2015 (the "Claims Bar Date").

5.    In connection with analyzing the claims filed in the Debtor's case, I obtained copies of all available proofs of claim and interest filed in the Debtor's case from the Clerk's Office of the United States Bankruptcy Court for the Central District of California – Riverside Division. Upon obtaining copies of such proofs of claim and interest, I analyzed all of the documentation filed by the respective putative creditors and interest holders in support of the claims and determined that POC No. 10 is objectionable to the extent it seeks priority status.

6.    On June 18, 2014, Claimant filed a proof of claim asserting a priority wage claim in the amount of $11,991.45 for legal services rendered by Claimant for the Debtor and his company, AJ Acosta Company. A true and correct copy of POC No. 10 is attached hereto as Exhibit 1 and is incorporated herein by reference. In support of POC No. 10, Claimant attached

time records which show that Claimant provided legal services for the Debtor and AJ Acosta Company.

7.    Claimant was not an employee of the Debtor and I am informed and believe that Claimant should not be entitled to wages, salaries or commissions from the Debtor.

8.    Therefore, I seek a Court order reclassifying POC No. 10 from priority status to a general unsecured claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 13th day in April, 2018 at Los Angeles, California.

*/s/ Todd Frealy*
TODD FREALY

# Exhibit 1

 

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Central District of California | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br>Joaquin Andres "Andy" Acosta<br>P.O. Box 2889<br>Big Bear Lake, CA 92315 | Case Number:<br>6:14-bk-12539-DS |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Calegari Law Corporation

**COURT USE ONLY**

| Name and address where notices should be sent:<br>Calegari Law Corporation, Kenneth T. Calegari, Esq.<br>11440 W. Bernardo Court, Suite 200<br>San Diego, CA 92127<br><br>Telephone number: (858) 304-1988    email: ken@calegari-law.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:       email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

1. **Amount of Claim as of Date Case Filed:**      $         11,991.45

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**FILED**

**JUN 18 2014**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

2. **Basis for Claim:** Legal services performed
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ _____

Basis for perfection: _____

Amount of Secured Claim:    $ _____

Amount Unsecured:    $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). |  |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:**<br>$          11,991.45 |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                     2

**7. Documents:** Attached **are redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                     or their authorized agent.               (See Bankruptcy Rule 3005.)
                                                                     (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Kenneth T. Calegari, Esq.
Title:        President
Company:     Calegari Law Corporation                          _____       06/16/2014
Address and telephone number (if different from notice address above):     (Signature)                (Date)

Telephone number:                    email: ken@calegari-law.com
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.



**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20747 |
| Invoice Date | 03/11/2014 |
| For Services Through | 03/11/2014 |

| Date | By | Service Summary | Hours/Rate | Amount |
|---|---|---|---|---|
| In Reference To: **Allstate-Vandenburg (Services)** | | | | |
| 01/03/2014 | TT | | | $ 100.00 |
| 01/06/2014 | TT | | | $ 120.00 |
| 01/09/2014 | TT | | | $ 90.00 |
| 01/14/2014 | TT | | | $ 30.00 |
| 01/15/2014 | TT | | | $ 40.00 |
| 02/12/2014 | TT | | | $ 20.00 |
| 03/03/2014 | TT | | | $ 30.00 |
| In Reference To: **Allstate-Vandenburg (Expenses)** | | | | |
| 01/31/2014 | TT | | | $ 5.80 |
| 01/31/2014 | TT | | | $ 1.40 |
| 02/28/2014 | TT | | | $ 5.00 |

| | |
|---|---|
| Total Hours: | 4.30 hrs |
| Total Services: | $ 430.00 |
| Expenses: | $ 12.20 |
| Total Amount: | $ 442.20 |

| | | | | |
|---|---|---|---|---|
| In Reference To: **County of San Bernardino (Services)** | | | | |
| 2/20/2013 | KC | | | $ 350.00 |
| 1/06/2014 | TT | | | $ 30.00 |
| 1/14/2014 | TT | | | $ 40.00 |

000011



**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20747 |
| Invoice Date | 03/11/2014 |
| For Services Through | 03/11/2014 |

| | | |
|---|---|---|
| 01/23/2014 TT | | $ 120.00 |
| 01/29/2014 TT | | $ 40.00 |
| 02/12/2014 TT | | $ 50.00 |

In Reference To: **County of San Bernardino (Expenses)**

| | | |
|---|---|---|
| 01/31/2014 TT | | $ 30.20 |
| 01/31/2014 TT | | $ 2.80 |

| | |
|---|---|
| Total Hours: | 4.80 hrs |
| Total Services: | $ 630.00 |
| Expenses: | $ 33.00 |
| Total Amount: | $ 663.00 |

In Reference To: **General Legal Matters (Services)**

| | | |
|---|---|---|
| 01/06/2014 TT | | $ 110.00 |
| 01/06/2014 TT | | $ 90.00 |
| 01/16/2014 TT | | $ 40.00 |
| 03/04/2014 TT | | $ 80.00 |

In Reference To: **General Legal Matters (Expenses)**

| | | |
|---|---|---|
| 01/31/2014 TT | $4.80 | $ 4.80 |
| 01/31/2014 TT | $3.80 | $ 3.80 |

| | |
|---|---|
| Total Hours: | 3.20 hrs |
| Total Services: | $ 320.00 |
| Expenses: | $ 8.60 |
| Total Amount: | $ 328.60 |

Reference To: **Hogan (Services)**

| | | |
|---|---|---|
| /15/2014 TT | | $ 30.00 |

000012



**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20747 |
| Invoice Date | 03/11/2014 |
| For Services Through | 03/11/2014 |

| | |
|---|---|
| 01/17/2014TT | $ 50.00 |

| | |
|---|---|
| Total Hours: | 0.80 hrs |
| Total Services: | $ 80.00 |
| Total Amount: | $ 80.00 |

In Reference To: **Reiss & Johnson (Services)**

| | |
|---|---|
| 01/06/2014TT | $ 50.00 |
| 01/10/2014TT | $ 190.00 |
| 01/14/2014TT | $ 40.00 |
| 01/15/2014TT | $ 50.00 |

In Reference To: **Reiss & Johnson (Expenses)**

| | |
|---|---|
| 01/02/2014TT | $ 25.40 |
| 01/31/2014TT | $ 5.80 |
| 01/31/2014TT | $ 3.20 |

| | |
|---|---|
| Total Hours: | 3.30 hrs |
| Total Services: | $ 330.00 |
| Expenses: | $ 34.40 |
| Total Amount: | $ 364.40 |

| | |
|---|---|
| Total Hours: | 16.40 hrs |
| Total Services: | $ 1,790.00 |
| Total Expenses: | $ 88.20 |
| Total Invoice Amount: | $ 1,878.20 |

000013

**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| Invoice # | 20747 |
|---|---|
| Invoice Date | 03/11/2014 |
| For Services Through | 03/11/2014 |

1/17/2014 Payment - Check ($10,000.00)
**Balance (Amount Due):   $ 9,393.05**

Please make checks payable and mail to:

Calegari Law Corporation
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127

THANK YOU FOR YOUR BUSINESS.

000014



**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | **20771** |
| Invoice Date | 04/07/2014 |
| For Services Through | 03/31/2014 |



| Date | By | Service Summary | Hours/Rate | Amount |
|---|---|---|---|---|
| In Reference To: | | **Allstate-Vandenburg (Services)** | | |
| 03/03/2014 | KC | | | $ 87.50 |
| 03/04/2014 | KC | | | $ 52.50 |
| 03/19/2014 | KC | | | $ 52.50 |
| 03/27/2014 | KC | | | $ 52.50 |
| | | | Total Hours: | 1.40 hrs |
| | | | Total Services: | $ 245.00 |
| | | | Total Amount: | $ 245.00 |
| In Reference To: | | **Chadbourne Lien (Services)** | | |
| 03/03/2014 | KC | | | $ 87.50 |
| | | | Total Hours: | 0.50 hrs |
| | | | Total Services: | $ 87.50 |
| | | | Total Amount: | $ 87.50 |
| In Reference To: | | **County of San Bernardino (Services)** | | |
| 03/03/2014 | KC | | | $ 175.00 |
| 03/03/2014 | KC | | | $ 175.00 |
| 03/04/2014 | KC | | | $ 52.50 |
| 03/17/2014 | KC | | | $ 52.50 |
| 03/17/2014 | KC | | | $ 105.00 |
| 03/17/2014 | KC | | | $ 175.00 |
| 03/18/2014 | KC | | | $ 52.50 |
| 03/19/2014 | KC | | | $ 35.00 |
| 03/31/2014 | KC | | | $ 52.50 |
| | | | Total Hours: | 5.00 hrs |
| | | | Total Services: | $ 875.00 |
| | | | Total Amount: | $ 875.00 |
| In Reference To: | | **General Legal Matters (Services)** | | |

**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20771 |
| Invoice Date | 04/07/2014 |
| For Services Through | 03/31/2014 |



| | | |
|---|---|---|
| 03/18/2014 TT | | $ 80.00 |
| 03/19/2014 TT | | $ 40.00 |

|  | |
|---|---|
| Total Hours: | 1.20 hrs |
| Total Services: | $ 120.00 |
| Total Amount: | $ 120.00 |

In Reference To: **Yellow Book (Services)**

| | | |
|---|---|---|
| 03/17/2014 KC | | $ 52.50 |

|  | |
|---|---|
| Total Hours: | 0.30 hrs |
| Total Services: | $ 52.50 |
| Total Amount: | $ 52.50 |

|  | |
|---|---|
| Total Hours: | 8.40 hrs |
| Total Services: | $ 1,380.00 |
| Total Invoice Amount: | $ 1,380.00 |
| Balance (Amount Due): | $ 10,773.05 |

Please make checks payable and mail to:

Calegari Law Corporation
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127

THANK YOU FOR YOUR BUSINESS.

**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20781 |
| Invoice Date | 06/13/2014 |
| For Services Through | 04/30/2014 |



| Date | By | Service Summary | Hours/Rate | Amount |
|---|---|---|---|---|
| In Reference To: **Allstate-Vandenburg (Services)** | | | | |
| 04/07/2014 | KC | | | $ 52.50 |
| 04/07/2014 | TT | | | $ 50.00 |
| 04/08/2014 | TT | | | $ 80.00 |
| In Reference To: **Allstate-Vandenburg (Expenses)** | | | | |
| 04/30/2014 | TT | | | $ 3.60 |

|  | |
|---|---|
| Total Hours: | 1.60 hrs |
| Total Services: | $ 182.50 |
| Expenses: | $ 3.60 |
| **Total Amount:** | **$ 186.10** |

| Date | By | Service Summary | Hours/Rate | Amount |
|---|---|---|---|---|
| In Reference To: **County of San Bernardino (Services)** | | | | |
| 04/07/2014 | KC | | | $ 52.50 |
| 04/07/2014 | KC | | | $ 52.50 |
| 04/08/2014 | KC | | | $ 87.50 |
| 04/14/2014 | KC | | | $ 87.50 |
| 04/21/2014 | KC | | | $ 35.00 |
| 04/29/2014 | KC | | | $ 52.50 |

|  | |
|---|---|
| Total Hours: | 2.10 hrs |
| Total Services: | $ 367.50 |
| **Total Amount:** | **$ 367.50** |

| Date | By | Service Summary | Hours/Rate | Amount |
|---|---|---|---|---|
| In Reference To: **General Legal Matters (Services)** | | | | |
| 04/01/2014 | TT | | | $ 50.00 |



**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20781 |
| Invoice Date | 06/13/2014 |
| For Services Through | 04/30/2014 |

| Date | Init | | Amount |
|---|---|---|---|
| 04/03/2014 | TT | | $ 100.00 |
| 04/09/2014 | TT | | $ 110.00 |
| 04/10/2014 | TT | | $ 50.00 |
| 04/10/2014 | KC | | $ 262.50 |

In Reference To:  **General Legal Matters (Expenses)**

| | | | |
|---|---|---|---|
| 04/30/2014 | TT | | $ 4.80 |

| | |
|---|---|
| Total Hours: | 4.60 hrs |
| Total Services: | $ 572.50 |
| Expenses: | $ 4.80 |
| Total Amount: | $ 577.30 |

In Reference To:  **Reiss & Johnson (Services)**

| | | | |
|---|---|---|---|
| 04/07/2014 | KC | | $ 52.50 |

| | |
|---|---|
| Total Hours: | 0.30 hrs |
| Total Services: | $ 52.50 |
| Total Amount: | $ 52.50 |

In Reference To:  **Yellow Book (Services)**

| | | | |
|---|---|---|---|
| 04/14/2014 | KC | | $ 35.00 |

| | |
|---|---|
| Total Hours: | 0.20 hrs |
| Total Services: | $ 35.00 |
| Total Amount: | $ 35.00 |

| | |
|---|---|
| Total Hours: | 8.80 hrs |
| Total Services: | $ 1,210.00 |
| Total Expenses: | $ 8.40 |

**CALEGARI LAW CORPORATION**
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127
858-304-1988

Invoice submitted to:

AJ Acosta Company
A. J. Acosta
PO Box 2889
Big Bear Lake, CA 92315

| | |
|---|---|
| Invoice # | 20781 |
| Invoice Date | 06/13/2014 |
| For Services Through | 04/30/2014 |

**Total Invoice Amount:  $ 1,218.40**
**Balance (Amount Due): $ 11,991.45**

Please make checks payable and mail to:

Calegari Law Corporation
16870 West Bernardo Drive
Suite 400
San Diego, CA 92127

THANK YOU FOR YOUR BUSINESS.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION TO DISALLOW CLAIM NO. 10-1 FILED BY CALEGARI LAW CORPORATION TO THE EXTENT IT SEEKS PRIORITY STATUS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TODD FREALY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_April 13, 2018_**, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED NEF SERVICE LIST.**

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **_April 13, 2018_**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Meredith A. Jury
USBC – Central District of CA
3420 Twelfth St, Ste 325 / Ctrm 301
Riverside, CA 92501-3819

Pro Se Debtor
Joaquin Andres Andy Acosta
P O Box 2889
Big Bear, CA 92315

Kenneth T. Calegari, Esq.
Calegari Law Corporation
11440 W. Bernardo Court, Ste 200
San Diego, CA 92127

Abby Calegari
CEO of Calegari Law Corporation
17032 Cloudcroft Drive
Poway, CA 92064

Agent for Service of Process
Corporation Service Company which will do Business
in CA as CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Ste 150N
Sacramento, CA 95833-3505

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2018 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- David A Akintimoye    attorneydavidakintimoye@yahoo.com
- Toan B Chung    tbchung@rpmlaw.com, toan.b.chung@gmail.com;bankpara@rpmlaw.com
- Arturo M Cisneros    arturo@mclaw.org
- Todd A. Frealy (TR)    taftrustee@lnbyb.com, taf@trustesolutions.net
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Robert Grawl    bgrawl@financialfederal.com
- Everett L Green    everett.l.green@usdoj.gov
- Laurel A Hoehn    laurelhoehn@cgclaw.com
- Jeffrey Huron    jhuron@dykema.com,
  ebailon@dykema.com;catherall@dykema.com;DocketLA@dykema.com
- Gregory K Jones    GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com
- Kiana Khajeh    kkhajeh@mclaw.org
- Rika Kido    rkido@shbllp.com, ncarlson@shbllp.com
- William Malcolm    bill@mclaw.org
- Christopher Minier    becky@ringstadlaw.com
- Barry L O'Connor    udlawBK@aol.com
- J. Alexandra Rhim    arhim@hrhlaw.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.